**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
IN RE:

BRISTOL-MYERS SQUIBB COMPANY CVR
SECURITIES LITIGATION                                21 **CIVIL** 8255 (JMF)

**JUDGMENT**

---------------------------------------------------------------X

It is, **ORDERED, ADJUDGED AND DECREED:** That for the reasons

stated in the Court's Opinion and Order dated February 29, 2024, the Court once again has

concluded that Plaintiffs' allegations fall short of establishing that the individual Defendants acted

with the requisite scienter. And once again, the Court has reached the same conclusion with respect

to BMS itself because the SAC "fail[s] to 'create a strong inference either (1) that someone whose

intent could be imputed to [BMS] acted with the requisite scienter or (2) that the [alleged

misstatements] would have been approved by corporate officials sufficiently knowledgeable about

[BMS] to know that those statements were misleading.'" Town of Davie Police Officers Ret. Sys.

v. City of N. Mia. Beach Police Officers' & Firefighters' Ret. Plan, No. 21-909-CV, 2021 WL

5142702, at *3 (2d Cir. Nov. 5, 2021) (summary order) (quoting Loreley Fin. (Jersey) No. 3 Ltd.

v. Wells Fargo Sec., LLC, 797 F.3d 160, 177 (2d Cir. 2015)). Accordingly, Plaintiffs' Section 10(b)

and Rule 10b-5 claims must be and are dismissed for failure to adequately allege scienter. It

follows that Plaintiffs' "controlling person" claims must be and are dismissed as well. See, e.g.,

Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co., 28 F.4th 343, 356-57 (2d Cir. 2022). In a

footnote, Plaintiff's request leave to amend their pleadings once again, citing the fact that, as of the

time of briefing, they had "several outstanding FOIA requests" and that they "expect[ed] these

requests to be fulfilled within weeks and thus would have additional information to further supplement their pleadings." Pls. Opp'n 25 n.30. That request is denied. "Where it appears that granting leave to amend is unlikely to be productive,... it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). The Court already gave Plaintiffs a second opportunity to amend. See BMS I, 658 F. Supp. 3d at 239. On top of that, Plaintiffs fail to identify any facts in their possession that would cure the defects discussed above even though nearly eight months have passed since they filed their brief and, thus, they have presumably received whatever documents they hoped to get in response to their FOIA requests. In light of the foregoing, the Court concludes that any amendment would be futile. See, e.g., Roundtree v. NYC, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (citing cases). One final housekeeping matter remains. Under the PSLRA, the Court is required to "include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1). Because all legal claims and defenses presented throughout this litigation were nonfrivolous under existing law and all factual contentions had evidentiary support or were reasonably based on belief or a lack of information, no sanctions under Rule 11 are warranted.  Judgment is entered for Defendants; accordingly, the case is closed.

**Dated:**  New York, New York
February 29, 2024

**RUBY J. KRAJICK**

---
**Clerk of Court**

**BY:**  K. mango

---
**Deputy Clerk**